**Jorge HERNANDEZ–ZARRAGA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–71262.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2015.*

Filed May 19, 2015.

Jorge Hernandez–Zarraga, Palm Springs, CA, pro se.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Margaret Anne O'Donnell, Trial, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jorge Hernandez–Zarraga, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence de-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

termination, and we review de novo due process claims. *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618, 620 (9th Cir.2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Hernandez–Zarraga failed to establish the ten years of continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Juarez–Ramos v. Gonzales,* 485 F.3d 509, 511 (9th Cir.2007) (expedited removal interrupts an alien's continuous physical presence for cancellation purposes).

Hernandez–Zarraga claims that he was denied due process when a Spanish language interpreter was not provided in his expedited removal proceedings. This claim is without merit where the record shows that the communication between Hernandez–Zarraga and the immigration officer who provided the necessary notice and advisals and conducted the expedited removal proceedings was in Spanish, Hernandez–Zarraga signed a form affirmatively stating that he understood his rights, and the text of the interview does not suggest that he had any difficulty understanding the immigration officer. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**